IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

CARLOS A. HICKS,
      Petitioner,

vs.                                    Case No.:  5:13cv83/RS/EMT

UNITED STATES OF AMERICA,
      Respondent.
_____/

## REPORT AND RECOMMENDATION

This case is before the court on Petitioner's amended habeas petition, filed pursuant to 28 U.S.C. § 2241 (doc. 7). Petitioner is an inmate of the federal Bureau of Prisons ("BOP"), housed at the Federal Correctional Institution in Marianna, Florida, at the time he commenced this action. Respondent filed a response to the habeas petition (doc. 14). Petitioner filed a reply (doc. 16).

The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b). After careful consideration of all issues raised by the parties, it is the opinion of the undersigned that Petitioner is not entitled to relief.

I.      BACKGROUND

On November 6, 2007, Petitioner was arrested by local authorities in the State of Louisiana for assault by drive-by shooting (doc. 14, Ex. 2, Declaration of Robert C. Jennings ¶ 3; doc. 7-1 at 1). On August 20, 2008, he was convicted in State of Louisiana Case No. 07F2796-01 of assault by drive-by shooting, and sentenced to a term of eighteen (18) months in prison, with 288 days of prior custody credit (Jennings Decl. ¶ 3; doc. 7-1 at 2). On January 5, 2009, while Petitioner was in state prison, he was "borrowed" by federal authorities, pursuant to a federal writ of habeas corpus ad prosequendum (Jennings Decl. ¶ 4). On May 5, 2009, Petitioner's state sentence fully expired (Jennings Decl. ¶ 6, Attach. 2). On September 8, 2009, Petitioner was convicted in the United States District Court for the Western District of Louisiana, Case No. 3:08cr00381-01, of being a felon in

possession of a firearm, and sentenced to a term of 77 months in prison "to run concurrently with the undischarged State of Louisiana sentence in Docket #07F2796-01," followed by a three-year term of supervised release (Jennings Decl. ¶ 5, Attach. 1; doc. 7, Appx. B; doc. 7-1 at 2).

The BOP computed Petitioner's 77-month federal sentence as commencing on September 8, 2009, the date it was imposed (*see* doc. 7, Appx. A). The BOP granted Petitioner pre-sentence credit for the period May 6, 2009, the day after his state term of imprisonment expired, to September 7, 2009, the day before his federal sentence was imposed (*id.*). The BOP did not grant Petitioner pre-sentence credit for any time in state custody prior to May 6, 2009, because he received credit on his state sentence for the period November 6, 2007 to August 20, 2008 (*id.*).

In the instant § 2241 petition, Petitioner contends the BOP abused its discretion by denying his request for nunc pro tunc designation of a non-federal facility for service of his federal sentence (doc. 7 at 6–7; doc. 7-1 at 5–6; doc. 16). He contends the BOP failed to send a letter to the sentencing court to inquire as to the court's position regarding how the sentence credit should apply, as required by 18 U.S.C. § 3621(b) and BOP Program Statement 5160.05 (*id.*). He contends if the BOP had communicated with the sentencing court, the court would have advised that it intended that the BOP designate a state facility for service of Petitioner's federal sentence (*id.*).

Respondent contends the BOP did not abuse its discretion by denying his request for nunc pro tunc designation, because his state sentence expired prior to imposition of his federal sentence (doc. 14 at 3–6). Therefore, his request is effectively impossible, because there was no state sentence with which he could concurrently serve his federal sentence (*id.*). Respondent further contends the BOP properly calculated his sentence as commencing on September 8, 2009 (*id.* at 4–5). Additionally, Petitioner is not entitled to receive prior custody credit for the period between his state arrest on November 6, 2007, and imposition of his state sentence on August 19, 2008, because Petitioner received credit on his state sentence for that period (*id.* at 6). Respondent contends the BOP's calculation of Petitioner's sentence is thus entitled to deference (*id.* at 7–8).

II.      ANALYSIS

Once a petitioner has exhausted his administrative remedies within the BOP, the district court may review the constitutionality of the BOP's decisions and its statutory construction. *See* Rodriguez v. Lamer, 60 F.3d 745, 747 (11th Cir. 1995). The court's analysis, however, is

deferential: if the language of the applicable statutory provision clearly outlines its congressional purpose, an interpreting court and administrative agency "'must give effect to the unambiguously expressed intent of Congress.'" *Id.* (quoting <u>Chevron USA Inc. v. Natural Resources Defense Council, Inc.</u>, 467 U.S. 837, 842–44, 104 S. Ct. 2778, 81 L. Ed. 2d 694 (1984)). If the statute is silent or ambiguous, however, a reviewing court must defer to an agency's reasonable interpretation unless it is "'arbitrary, capricious, or manifestly contrary to the statute.'" *Id.*

Section 3585 of Title 18 provides, in relevant part:

**(a)      Commencement of sentence.**—A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

18 U.S.C. § 3585(a).

Section 3621 of Title 18 provides, in relevant part:

**(a) Commitment to custody of Bureau of Prisons**.—A person who has been sentenced to a term of imprisonment pursuant to the provisions of subchapter D of chapter 227 shall be committed to the custody of the Bureau of Prisons until the expiration of the term imposed, or until earlier released for satisfactory behavior pursuant to the provisions of section 3624.

**(b) Place of imprisonment**.—The Bureau of Prisons shall designate the place of the prisoner's imprisonment. The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable, considering—

**(1)** the resources of the facility contemplated;

**(2)** the nature and circumstances of the offense;

**(3)** the history and characteristics of the prisoner;

**(4)** any statement by the court that imposed the sentence—

**(A)** concerning the purposes for which the sentence to imprisonment was determined to be warranted; or

> **(B)** recommending a type of penal or correctional facility as appropriate; and

> **(5)** any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

18 U.S.C. § 3621(a), (b). Acting through the BOP, the federal Attorney General initially possesses the exclusive authority to determine when a sentence is deemed to "commence," *see* 18 U.S.C. § 3585(a), and to compute sentence credit awards after sentencing. United States v. Wilson, 503 U.S. 329, 331, 112 S. Ct. 1351, 117 L. Ed. 2d 593 (1992) (citing 18 U.S.C. § 3621(a)); Rodriguez, 60 F.3d at 747.

> The BOP has interpreted § 3585 in Program Statement 5880.28, which provides:

> A prisoner who is in non-federal custody at the time of sentencing may begin service of the federal sentence prior to arriving at the designated federal facility if the non-federal facility is designated in accordance with the Program Statement on Designation of State Institution for Service of Federal Sentence and 18 U.S.C. § 3621 (Imprisonment of a convicted person). This type of designation is ordinarily made only upon the recommendation of the sentencing court.

> **In no case can a federal sentence of imprisonment commence earlier than the date on which it is imposed.**

BOP Program Statement 5880.28, pp. 1–13. When a federal judge orders a federal sentence to run concurrently with a state sentence already imposed, the BOP implements such order, ordinarily by designating the state facility as the place to serve the federal sentence. *See* United States v. Hardesty, 958 F.2d 910 (9th Cir. 1992); BOP Program Statement 5160.05, p. 3.

> In the instant case, the federal sentencing court sentenced Petitioner as follows:

> The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 77 Months to run concurrently with the undischarged State of Louisiana sentence in Docket #07F2796-01.

(doc. 7, Appx. B; doc. 14, Jennings Decl., Attach. 1) (emphasis in original). However, at the time Petitioner's federal sentence was imposed, there was no undischarged state sentence; his state sentence had expired, and he had been released from state custody (*see* Jennings Decl. ¶ 6, Attach.

2).  Therefore, Petitioner failed to show that the BOP's denial of his request for nunc pro tunc designation was arbitrary, capricious, or manifestly contrary to federal statutes.[1]

The BOP's calculation of Petitioner's pre-sentence credit is also entitled to deference. Section 3585 speaks not only to the commencement date of a federal sentence, but also to the issue of sentence credit for time spent in detention prior to the commencement date.  In this regard, the statute provides:

> **(b)     Credit for prior custody**.—A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—
>
> > **(1)** as a result of the offense for which the sentence was imposed; or
> >
> > **(2)** as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585 (emphasis added).  As the Supreme Court held, the BOP determines whether the defendant should receive credit for time spent in custody before the sentence "commenced" in accordance with section 3585(b).  *See* Wilson, 503 U.S. at 334–35 (BOP determines credit issues, not the district courts).  In fact, the federal courts do not have the authority under § 3585 to order the BOP to credit a prisoner with state time served.  *See* United States v. Pineyro, 112 F.3d 43, 45 (2d Cir. 1997).

Here, the BOP did not have discretion under § 3585 to grant sentence credit for the period November 6, 2007 to August 19, 2008 (the time between the Petitioner's arrest by state authorities and imposition of his state sentence), because he received credit on his state sentence for that 288-day period, and § 3585(b) expressly prohibits the BOP from granting credit for time "credited against another sentence."  *See* United States v. Rivers, 329 F.3d 119 (2d Cir. 2003) (Bureau of

---

[1]  In Petitioner's submissions, he references § 5G1.3 of the United States Sentencing Guidelines (*see* doc. 3 (Petitioner's "Motion to Correct Sentence" filed in the federal court that sentenced him and construed by that court as a § 2241 petition and transferred to this court (doc. 2)); doc. 16 at 6).  Because Petitioner was not subject to an undischarged term of imprisonment at the time of his federal sentencing, the provisions of § 5G1.3 did not apply.  *See* U.S.S.G. § 5G1.3.

Prisons could not credit defendant for time already served under state sentence, inasmuch as that time had already been credited against state sentences); Rios v. Wiley, 201 F.3d 257, 276 (3d Cir. 2000); United States v. Dennis, 926 F.2d 768, 770 (8th Cir. 1991); Bailes v. Booker, 125 F.3d 861, 1997 WL 634099 (10th Cir. Oct. 10, 1997) (Table). Therefore, Petitioner is not entitled to relief on his claim that the BOP improperly calculated his pre-sentence credit.

III.    CONCLUSION

Petitioner failed to show that the BOP's calculation of his sentence violated the sentencing court's order. Further, the BOP effectuated the unambiguous language of the relevant federal statutes, and the agency reasonably interpreted any ambiguous language in a manner that was not arbitrary, capricious, manifestly contrary to the statute, or an unreasonable application thereof. Therefore, the BOP's sentence calculation is entitled to deference under Chevron.

For the aforementioned reasons, it is respectfully **RECOMMENDED**:

1.    That the amended petition for writ of habeas corpus filed under 28 U.S.C. § 2241 (doc. 7) be **DENIED**.

2.    That the clerk be directed to enter judgment accordingly and close the file.

At Pensacola, Florida this 28th day of August 2013.


/s/ Elizabeth M. Timothy
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

**Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**